PER CURIAM.
 

 The appellant appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the denial of grounds two through eight of the appellant’s motion. However, we reverse and remand for the trial court to conduct an evidentiary hearing or to attach records conclusively refuting the appellant’s claim that counsel was ineffective for failing to object to the introduction of the hearsay testimony of Officer Reed (ground one of the motion). Officer Reed allegedly suggested that an anonymous tipster identified the appellant as the perpetrator of the burglary or that the appellant fit the description of the anonymous witness.
 
 See Postell v. State,
 
 398 So.2d 851, 854 (Fla. 3d DCA 1981) (“[T]he inescapable inference from the testimony is that a non-testifying witness has furnished the police evidence of the defendant’s guilt, the testimony is hearsay, and the defendant’s right of confrontation is defeated ...”). Nothing in the record refutes that claim or the claim that he was prejudiced by counsel’s failure to object.
 

 AFFIRMED in part; REVERSED and REMANDED in part.
 

 WOLF, PADOVANO, and ROWE, JJ„ concur.